# EXHIBIT "A"

2010-34814 / Court: 080

Filed 10 June 4 A10:15
Loren Jackson - District Clerk
Harris County
ED101J015812311
By: Nelson Cuero

NO. _____

| | | |
|---|---|---|
| BRAD JONES and MICHAEL BURRELL | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | HARRIS COUNTY, TEXAS |
| CAMERON INTERNATIONAL CORPORATION a/k/a CAMERON SYSTEMS CORPORATION, HALLIBURTON ENERGY SERVICES, INC., BP EXPLORATION AND PRODUCTION, INC., and BP, PLC | § § § § § § § | _____ JUDICIAL DISTRICT  JURY TRIAL DEMANDED |

### PLAINTIFFS' ORIGINAL PETITION

Plaintiffs BRAD JONES and MICHAEL BURRELL (collectively "Plaintiffs") complain of Defendants CAMERON INTERNATIONAL CORPORATION a/k/a CAMERON SYSTEMS CORPORATION, HALLIBURTON ENERGY SERVICES, INC., BP EXPLORATION AND PRODUCTION, INC. and BP, PLC and for cause of action respectfully show this Honorable Court the following:

**I.**

Discovery in this matter will be conducted pursuant to Level 2.

**II.**

Defendant CAMERON INTERNATIONAL CORPORATION a/k/a CAMERON SYSTEMS CORPORATION ("Cameron") is a Delaware corporation with its principal place of business in Houston, Harris County, Texas. It can be served through its registered agent in Texas: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant HALLIBURTON ENERGY SERVICES, INC. ("Halliburton") is a Delaware corporation with its principal place of business in Houston, Harris County, Texas. It can be served through its registered agent in Texas: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

Certified Document Number: 45484529 - Page 1 of 9

Defendant BP EXPLORATION AND PRODUCTION, INC. is a foreign company doing business in the State of Texas. It can be served through its registered agent: CT Corporation System, 350 North St. Paul St., Dallas, TX 75201-4234.

Defendant BP, PLC is a foreign company doing business in the State of Texas.

### III.

Plaintiff BRAD JONES is a resident of Texas. As such, there is not complete diversity in this case.

Plaintiff MICHAEL BURRELL is a resident of Mississippi.

### IV.

The Court has jurisdiction over this matter in that Defendants do business in the State of Texas. Venue is proper in this matter because both Defendants are headquartered in this County.

### V.

Plaintiffs are American seamen and bring this action pursuant to Title 46 U.S.C. § 688 and the general admiralty laws.

### VI.

At all times material hereto, Plaintiffs were aboard the DEEPWATER HORIZON (the "Vessel") were acting within the course and scope of their employment as seamen in service of the Vessel. The DEEPWATER HORIZON was operated by Defendants BP Exploration and Production, Inc. and/or BP, Plc (collectively "BP" or the "BP Defendants").

### VII.

On April 20, 2010, the Plaintiffs were aboard the DEEPWATER HORIZON (the "Vessel"), a deepwater semi-submersible drilling rig, as members of the crew when the Vessel caught fire and exploded, and ultimately sunk, injuring more than twenty, and killing eleven.

2

Certified Document Number: 45484529 - Page 2 of 9

Because of this incident, Plaintiffs sustained serious injuries to their persons. Due to their severe injuries, Plaintiffs are unable to work.

Upon information and belief, Cameron designed, manufactured and/or supplied the DEEPWATER HORIZON's blow-out-preventers ("BOP's"). The purpose of BOP's is to prevent explosive pressure releases and surges that could threaten a rig and the safety of those aboard it. However, the BOP's on the Vessel were defective because they failed to operate as intended and/or because Cameron failed to warn the users that the BOP's would not operate as intended.

Halliburton was a contractor working on the Vessel engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, allowing pressure to escape the well, leading to the resulting blowout and fire.

The BP Defendants had leased the Vessel and had a significant hand in the control of the rig; importantly in the application of casing and cement and preparation of the well for production. Further, because the Vessel was leased to the BP Defendants, such Defendants have a duty to ensure that operations are conducted in a prudent manner. The BP Defendants failed in that regard, legally causing Plaintiffs' injuries.

### VIII.

Plaintiffs incorporate the above paragraphs as if set forth fully below.

Plaintiffs bring claims against Cameron under the Texas Products Liability Act (TEX. CIV. PRAC. & REM. CODE § 82.001, *et seq.*). In the alternative, Plaintiffs bring claims against Cameron under general maritime products liability. Cameron designed, manufactured and/or supplied the defective BOP's that were used on the Vessel and failed to operate as intended. Upon information and belief, the BOP's at issue were not substantially changed after they left

Cameron's control. Further, the BOP's were in a defective condition, unreasonably dangerous to the Vessel and everyone aboard it, and, Cameron, as the designer, manufacturer and/or supplier of such, is strictly liable for the physical harm caused Plaintiffs. Plaintiffs allege that these BOP's were defective as manufactured and/or designed and these defects legally caused the explosion, fire and resulting injuries to Plaintiffs. Additionally, Cameron failed to warn the owners, operators and/or lessees of the Vessel that these BOP's would not work as intended.

### VIV.

Plaintiffs incorporate the above paragraphs as if set forth fully below.

Upon information and belief, Plaintiffs aver that the explosion, fire and resulting injuries to Plaintiffs were caused by the joint negligence and fault of the Defendants in the following non-exclusive particulars:

- a. Failing to properly and safely operate the DEEPWATER HORIZON;
- b. Operating the DEEPWATER HORIZON in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;
- c. Failing to properly inspect the DEEPWATER HORIZON to assure that its equipment and personnel were fit for their intended purpose;
- d. Failing to properly and safely maintain the DEEPWATER HORIZON and its equipment;
- e. Failing to take adequate precautionary measures to prevent fires, explosions and oil spills;
- f. Acting in a careless and negligent manner without due regard for the safety of others;

g. Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the DEEPWATER HORIZON which, if they had been so promulgated, implemented and enforced, would have averted the fire, explosion, sinking and oil spill;

h. Operating the DEEPWATER HORIZON with untrained and unlicensed personnel;

i. Inadequate and negligent training and hiring of personnel;

j. Failing to take appropriate action to avoid or mitigate the accident;

k. Negligent implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

l. Employing untrained or poorly trained employees and failing to properly train their employees;

m. Failing to ascertain that the DEEPWATER HORIZON and its equipment were free from defects and/or in proper working order;

n. Failing to timely warn;

o. Failing to timely bring the oil release under control;

p. Failing to provide appropriate accident prevent equipment;

q. Failing to observe and read gauges that would have indicated excessive pressures in the well;

r. Failing to react to danger signs;

s. Providing BOP's or blowout valves that did not work properly;

t. Failing to properly design, manufacture and install the blowout valve or BOP's;

u. Failing to employ an acoustic switch in the blowout valve or BOP's;

5

v.  Failing to ensure that the blowout valve or blowout prevent was functioning properly and as intended;

w.  Conducting well and well cap cementing operations improperly;

x.  Failing to ensure that the concrete casing was sufficient for sealing the well;

y.  Failing to properly cement the well head and final production casing string;

z.  Failing to provide all reasonable cooperation and assistance request by the responsible officials in connection with the clean-up and removal activities;

aa. Failing to properly report and/or maintain records, and/or the intentional manipulation and fabrication of equipment and/or crew inspections that were a substantial contributing factor to the explosion and resulting damages;

bb. Acting in a manner that justifies imposition of punitive damages; and

cc. Such other acts of negligence and omissions as will be shown at the trial of this matter; all of which acts are in violation of state and Federal law applicable on the Outer Continental Shelf.

Plaintiffs also specifically plead the doctrine of *Res Ipsa Loquitor*.

## X.

Plaintiffs would also show that Defendants acted willfully, wantonly, maliciously recklessly, and with gross negligence when they breached the duties owed Plaintiffs. Accordingly, Plaintiffs also seek an award of PUNITIVE damages.

Specifically, Defendant BP Exploration and Production, Inc. has a record of safety infractions in the Gulf of Mexico. In the last ten years, this Defendant has been fined by the Minerals Management Service (MMS) at least five times. These infractions include:

- $41,000 fine for a "loss of well control." MMS found that this Defendant "failed to

6

Certified Document Number: 45484529 - Page 6 of 9

verify employees were trained to competently perform the assigned well control duties";

- $190,000 fine for an improperly installed fire diverter system. This violation was discovered in the wake of a fire that damaged property and the environment;

- $80,000 fine for bypassing relays for the Pressure Safety High/Low on four producing wells;

- $70,000 fine for low pressure in the fire water system; and

- $190,000 fine for the BP's rig operator, after it was found that BP's employees, working as contractors, bypassed the safety valves on a rig. MMS discovered that found that the rig failed to shut down in an emergency because the safety devices had been bypassed.

Because of BP's record, specifically because similar incidents had occurred on other rigs leased by BP, and because, on information and belief, a well control issue led to the blow out that occurred in this case, Plaintiffs seek damages punitive damages, for the BP Defendants' gross negligence and malice.

## XI.

By reason of the occurrences made the basis of this action, including the conduct on the part of the Defendants, Plaintiffs sustained severe bodily injuries. Plaintiffs have suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of their natural lives.

## XII.

As a result of the foregoing injuries, Plaintiffs have suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, their earning capacities have been impaired permanently.

7

### XIII.

Additionally, Plaintiffs have incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur reasonable medical expenses in the future.

### XIV.

Additionally, as a result of the injuries sustained in the occurrences as set forth above, Plaintiffs have suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

### XV.

Pleading further, in the alternative, if it is shown that either Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

### XVI.

Plaintiffs are physically impaired as a result of injuries sustained in the above-referenced occurrence. As a consequence, they have all lost the ability to perform household services and, in reasonable probability, this loss is permanent.

### XVII.

As a result of the incident, Plaintiffs seek all damages recognizable by law, including, but not limited to, past and future medical treatment, pain, suffering, mental anguish, loss of affection, society, guidance, counseling, earnings, earning capacity, consortium, and enjoyment of life.

### XVIII.

Plaintiffs assert that they are entitled to damages in excess of the minimum jurisdictional amount of this Honorable Court.

Certified Document Number: 45484529 - Page 8 of 9

## XIX.
### Request for Rule 194 Disclosure

Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(k), Tex. R. Civ. P.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs BRAD JONES and MICHAEL BURRELL pray for judgment against Defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS each, plus pre- and post-judgment interest at the legal rate, for all costs of court, and all such other and further relief, at law and in equity, to which he may be justly entitled.

**PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY.**

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By:     */s/ Anthony G. Buzbee*
         ANTHONY G. BUZBEE
         State Bar No. 24001820
         JP Morgan Chase Tower
         600 Travis, Suite 7300
         Houston, Texas 77002
         Phone:  713-223-5393
         Fax:    713-223-5392
         www.txattorneys.com

**ATTORNEY FOR PLAINTIFFS**

Certified Document Number: 45484529 - Page 9 of 9



I, Loren Jackson, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date
Witness my official hand and seal of office this July 1, 2010

Certified Document Number:   45484529 Total Pages: 9

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**